OPINION
On August 22, 1994, appellant, John Deeds, was charged with contributing to the unruliness of a child in violation of R.C.2919.24(A)(1) (Case No. CRB9400486). On September 30, 1994, appellant pled no contest. By judgment entry filed same date, the trial court found appellant guilty, sentenced appellant to ninety days in jail, eighty-six days suspended in lieu of community service, imposed fines and costs and placed appellant on probation for two years.
On January 3, 1995, appellant was charged with disorderly conduct in violation of R.C. 2917.11(B)(1), resisting arrest in violation of R.C. 2921.33(A) and underage drinking in violation of R.C. 4301.69(E) (Case No. CRB9500011). On April 19, 1995, appellant pled no contest to the resisting arrest and underage drinking charges. The disorderly conduct charge was dismissed. By judgment entries filed same date, the trial court found appellant guilty, sentenced appellant to a total of fifty-five days in jail, fifty-two days suspended in lieu of community service, imposed fines and costs and placed appellant on probation for two years.
On June 21, 1995, probation officer Larry Miller filed a motion to revoke appellant's probation for failure to complete the community service requirement and failure to pay fines and costs. By judgment entry filed July 11, 1995 in Case No. CRB9400486, the trial court imposed additional hours of community service. Thereafter, by judgment entries filed August 8, 1995 in both cases, the trial court revoked appellant's probation and reinstated the suspended portions of the sentences, eighty-six days in Case No. CRB9400486 and fifty-two days in Case No. CRB9500011.
On December 3, 1996, appellant was summoned to appear on January 7, 1997 regarding his unpaid fines and costs. By judgment entry filed January 7, 1997, the trial court imposed one hundred thirty hours of community service in lieu of fines and costs.
On March 20, 1997, appellant was summoned to appear on April 15, 1997 to show cause why he should not be found in contempt for failure to complete the community service order. By judgment entry filed April 15, 1997, the trial court found appellant failed to complete the community service order without just cause, found appellant guilty of contempt and sentenced appellant to thirty days in jail. The trial court permitted appellant to purge himself of the contempt by completing a minimum of sixteen hours of community service per week starting April 20, 1997.
On April 16, 1997, appellant was charged with attempted theft in violation of R.C. 2923.02(A) (Case No. CRB9700338). A bench trial was held on June 20, 1997. By judgment entry filed same date, the trial court found appellant guilty, sentenced appellant to thirty days in jail, suspended in lieu of community service, and imposed fines and costs.
On August 7, 1997, appellant was again summoned to appear to show cause why he should not be found in contempt for failure to complete the community service order. A hearing was held on August 19, 1997. By judgment entry filed August 20, 1997, the trial court found appellant did not purge himself of the contempt and ordered the execution of the April 15, 1997 judgment entry. The trial court also found appellant in contempt for failure to complete the community service order in Case No. CRB9700338 and sentenced appellant to thirty days in jail. See, Judgment Entry filed August 19, 1997. This sentence was to run concurrent with the April 15, 1997 thirty day sentence.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 WHEN A SENTENCE APPEARS FROM THE RECORD TO BE THE RESULT OF JUDICIAL PREJUDICE AND MUCH GREATER THAN THE PROPER PROTECTION OF SOCIETY DEMANDS, A REVIEWING COURT WILL SET ASIDE THE SENTENCE AS AN UNREASONABLE, ARBITRARY, OR UNCONSCIONABLE ABUSE OF DISCRETION.
 I
Appellant claims the trial court's thirty day sentence for contempt was an abuse of discretion. We disagree.
Sentencing is within the trial court's discretion. State v.O'Dell (1989), 45 Ohio St.3d 140. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
Appellant concedes the appropriate standard of review is abuse of discretion but argues the trial court was prejudiced against him. Appellant argues the trial court's attitude throughout the August 19, 1997 show cause hearing showed a predisposition to find appellant in contempt and issue an unreasonable sentence.
Appellant completed half of his community service requirement at Camp Echoing Hills but claimed he was unable to finish because he began working for a construction company. T. at 4-5. The trial court pointed out to appellant he had four months to do eighty hours of community service and he managed to do only ten hours per month. T. at 8.[1] Appellant admitted he "messed up" and "[i]t should have been done" but claimed he was "trying every way not to lose my damn job." T. at 10, 14. The trial court found appellant in contempt and imposed two thirty day sentences to run concurrently as opposed to consecutively and summed up his appraisal of the situation as follows:
 THE COURT: Now. Today you're trying every way. No. You're trying to get me to go every way. You had lots of ways to avoid losing your job. You wait until the 59th day of the 60 days you got to do 60 hours, and then you want to look for ways to save your job. If you would have come in and been working on that two weeks ago when you had this job, I would have been thrilled to give you some extra time and set up a specific schedule for you to do that 60 hours that would have extended it beyond the 60 days. I might not have been happy that you hadn't started it right away so you could get it done, but I'd have been happy to do that for you.
T. at 14.
We fail to find this connotes an abuse of discretion or any prejudice by the trial court.
The trial court was more than patient with appellant given appellant's repeated failure to follow several community service orders in lieu of jail and fines and costs.
The sole assignment of error is denied
The judgment of the Municipal Court of Coshocton County, Ohio is hereby affirmed.
By Farmer, P.J., Gwin, J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Coshocton County, Ohio is affirmed.
[1] Appellant became employed just prior to the hearing.